## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

ANTHONY W. SIMMONS                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:16-CV-P120-JHM

ARAMARK                                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.  The

Court has granted Plaintiff leave to proceed *in forma pauperis*.  This matter is before the Court

for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th

Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).  For the reasons

set forth below, the Court will direct Plaintiff to file an amended complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at Luther Luckett Correctional Complex (LLCC) in

LaGrange, Kentucky.  He brings suit against Defendant Aramark, the "food service" at LLCC,

in its official capacity, for serving him meals which are not proper for a diabetic.

In his complaint, Plaintiff states as follows:

> I believe my rights are being vilated by Aramark because they are
> not feeding me the proper food as a diabetic.  They feed me a diet
> that mainly consist of starch, white bread, noodles, and potatoes
> for almost every meal.  When I have to eat the meals Aramark
> prepares, I have to take 3 shots a day.  From 8-26-0015 to 11-2-
> 0015, if I ate the proper food I only had to take one shot a day the
> whole time.  Currently I'm eating one meal a day prepared by
> Aramark.  I check my sugar at 10;30, it normal 90-120.  Then I go
> eat and it's about 300 just from one meal every day.  So I have to
> take 2 shots.  My healthcare provider said my eyesight has
> deteriorated dramatically due to my sugar levels being high.  He
> also stated that Aramark is feeding me the exact opposite of what
> I'm soposed to be eating.  He said the food their feeding me

counteracts the insulin he's giving me so he just has to keep giving me more.

As relief, Plaintiff seeks monetary damages.  He also asks that Aramark "feed the proper foods to diabetics."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this

2

standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc*. v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Absent either element, a section 1983 claim will not lie.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Eighth Amendment protects convicted prisoners from the "unnecessary and wanton infliction of pain."  U.S. Const. amend. VIII.  An Eighth Amendment claim requires a plaintiff to prove two distinct components - one objective and one subjective.  First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825,

834 (1970) (citations and internal quotation marks omitted).  Second, the official must have been "deliberately indifferent" to the inmate's health or safety.  *Id.*

### A.  Serious Medical Need

To satisfy the objective component of an Eighth Amendment deliberate indifference claim, Plaintiff must show the existence of a sufficiently serious medical need, meaning that he is "incarcerated under conditions posing a substantial risk of serious harm."  *Id.* (citing *Farmer*, 511 U.S. at 834).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.,* 390 F.3d 890, 897 (6th Cir. 2004)).

Courts have regularly held that diabetes constitutes an "objectively serious medical need."  *See, e.g.*, *Lolli v. County of Orange*, 352 F.3d 410, 419 (9th Cir. 2003); *Bales v. Turner*, No. 3:15CV1677, 2016 U.S. Dist. LEXIS 41930, at *4 (N.D. Ohio Mar. 29, 2016); *Copelton v. Corr. Corp. of Am.*, No. CV 09-00019-GF-SHE-RKS, 2009 U.S. Dist. LEXIS 109877, at *10 (D.C. Mont. Oct. 21, 2009).

### B.  Deliberate Indifference

The subjective component of the Eighth Amendment standard is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'"  *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 836).  In other words, "[s]atisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a

sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

The failure to provide inmate diabetics with a special diet can be cruel and unusual punishment in some circumstances. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994) (diabetics are prone to coronary artery disease and dangerous weight loss and hence have legitimate concern for their diets); *Byrd v. Wilson*, 701 F.2d 592, 595 (6th Cir. 1983) (claim stated for refusal to provide prescribed diet); *Giebel v. Kropp*, No. 10-cv-645-slc, 2011 U.S. Dist. LEXIS 5588, at *5 (W.D. Wisc. Jan. 20, 2011) (citing *Sellers v. Henman*, 41 F.3d 1100, 1102-03 (7th Cir. 1994), for the proposition that defendants could be held liable if they deliberately withheld dietary accommodations that they knew inmate needed to avoid a diabetic crisis); *Dye v. Sheahan*, No. 93 C 6645, 1995 U.S. Dist. LEXIS 3027 (N.D. Ill Mar. 10, 1995) (denying motion to dismiss where diabetic plaintiff alleged prison diet caused damage to his eyes, kidneys, liver and cardiovascular system, and pushed his blood sugar level above 200 points); *Bryant v. Roth*, No. 93 C 5552, 1995 U.S. Dist. LEXIS 1979 (N.D. Ill. Feb. 17, 1995*)* (denying motion to dismiss where diabetic prisoner alleged blood sugar level of sixty-two and claimed diet caused headaches, convulsions, pain, and risk of coma); *Keller v. Williams*, No. 09-60272-CIV-COHN, 2009 U.S. Dist. LEXIS 112221 (S.D. Fla. May 29, 2009) (plaintiff's allegations that defendants refused to honor special diet pass for nightly diabetic snack sufficient to meet the *Twombly* or any "heightened pleading" standard); *Taylor v. Anderson,* 868 F.Supp. 1024, 1026 (N.D.Ill. 1994) (diabetic inmate's allegations that prison failed to provide him with required diet withstood motion to dismiss even though plaintiff did not allege that his diabetes was severe); *Johnson v. Harris*, 479 F. Supp. 333 (S.D.N.Y. 1979) (denying a diabetic prisoner a special diet may violate the Eighth Amendment because certain foods are extremely dangerous to diabetics' health).

### C.  Defendant Aramark

Plaintiff has only named Aramark as a Defendant.  For purposes of initial review, the Court will presume that Aramark is a state actor.  *See, e.g.*, *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988) ("It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'").  However, a private corporation, like Aramark, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).  Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights.  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").

In the instant case, Plaintiff has not alleged that Aramark's staff acted pursuant to a policy or custom in causing any alleged harm.  In addition, nothing in the complaint demonstrates that the action or inaction of any personnel occurred as a result of a policy or custom implemented or endorsed by Aramark.  The complaint, therefore, fails to establish a basis of liability against Aramark.  For this reason, Aramark will be dismissed as a Defendant.

### D.  Amended Complaint

Thus, as now written, Plaintiff's complaint is subject to dismissal because he has failed to identify the individual officials who were deliberately indifferent to his serious medical need.  For example, although Plaintiff alleges that his physician has stated that he needs a diabetic diet and that his eyesight was deteriorating precisely because he was not receiving such, he has not

identified which officials knew that he needed a diabetic diet and refused to provide him with such.  Therefore, **the Court will afford Plaintiff an opportunity to file an amended complaint to name any specific individual(s) who are responsible for the alleged denial of his diabetic diet.  Plaintiff should sue any newly named Defendants in their official and individual capacities.**  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the claims against ARAMARK are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint.**  Plaintiff shall name as Defendants the individuals whom he alleges knew he needed a diabetic diet and refused to provide him with such.  Plaintiff shall state specifically the factual allegations against each Defendant.  The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it, along with three summons forms, to Plaintiff for his use should he wish to amend the complaint.

**Plaintiff is WARNED that should he not file an amended complaint within 30 days, the Court will enter an Order dismissing the entire action.**

Date:   May 26, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendant
4414.011

8