UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ANTHONY W. SIMMONS**                                                              **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 3:16-CV-P120-JHM**

**ARAMARK** *et al.*                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the Court will allow Plaintiff's claims to proceed.

### I. PROCEDURAL HISTORY

On February 24, 2016, Plaintiff filed this action against Defendant Aramark, "the food service" provider at Luther Luckett Correctional Complex (LLCC) where Plaintiff is incarcerated. In his complaint, Plaintiff alleged that his rights were being violated by Aramark because, as a diabetic, he was knowingly being served a diet both detrimental to his health and contrary to his doctor's orders. On initial review of Plaintiff's complaint, the Court dismissed his claim against Aramark because he had failed to allege that Aramark's staff was acting pursuant to a custom or policy in causing any harm or to identify any individual who was deliberately indifferent to his serious medical need (DN 6). The Court, however, allowed Plaintiff an opportunity to amend his complaint. It is Plaintiff's amended complaint (DN 7) that is now before the Court for screening.

## II. SUMMARY OF AMENDED COMPLAINT

In Plaintiff's amended complaint, he alleges that Aramark has a custom or policy of "saving money on prisoner meals by serving rice, white bread, and potatoes" to diabetics and offering them "no alternate meal." Plaintiff also alleges that Aramark has a custom or policy of failing to inform diabetic inmates "how many carbs the food contains that we eat."

Plaintiff further alleges that he sent a letter to Aramark employee and Defendant Stephanie Elzy, who Plaintiff alleges is "over the kitchen at LLCC." Plaintiff alleges that, in his letter to Defendant Elzy, he requested a "diabetic meal" but that his letter "went unanswered and no changes were made."

Plaintiff further alleges that Aramark's dietician(s), whom he names as Defendants John and/o Jane Doe, have "ratified a policy of serving carbohydrate rich foods" to diabetics.

Plaintiff contends that these actions have resulted in his "sugar running 300 or more almost every day causing damage to my eyes and organs as well as pain in my feet and legs from nerve damage and 2 extra injections I have to take every day causes me undue pain and suffering." In Plaintiff's original complaint, he also alleged that his healthcare provider had told him that his eyesight had deteriorated dramatically due to his high sugar levels and that Aramark was feeding him the exact opposite of what he was supposed to be eating. Plaintiff also alleged that his healthcare provider told him that the food Aramark was feeding him was counteracting the insulin he was receiving so even more had to be prescribed.

Plaintiff sues Aramark; and Aramark dietician(s) John/Jane Doe(s), and Aramark employee Stephanie Elzy, in both their official and individual capacities. He seeks $1,000,000 in money damages; $1,000,000 in punitive damages; and injunctive relief.

### III. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc.* v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169

(6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Eighth Amendment protects convicted prisoners from the "unnecessary and wanton infliction of pain." U.S. Const. amend. VIII. An Eighth Amendment claim requires a plaintiff to prove two distinct components - one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citations and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id.*

To satisfy the objective component of an Eighth Amendment deliberate indifference claim, Plaintiff must show the existence of a sufficiently serious medical need, meaning that he

is "incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citing *Farmer*, 511 U.S. at 834). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)).

Courts have regularly held that diabetes constitutes an "objectively serious medical need." *See, e.g.*, *Lolli v. County of Orange*, 352 F.3d 410, 419 (9th Cir. 2003); *Bales v. Turner*, No. 3:15CV1677, 2016 U.S. Dist. LEXIS 41930, at *4 (N.D. Ohio Mar. 29, 2016); *Copelton v. Corr. Corp. of Am.*, No. CV 09-00019-GF-SHE-RKS, 2009 U.S. Dist. LEXIS 109877, at *10 (D.C. Mont. Oct. 21, 2009).

The subjective component of the Eighth Amendment standard is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'" *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 836). In other words, "[s]atisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

The failure to provide inmate diabetics with a special diet can be cruel and unusual punishment in some circumstances. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994) (diabetics are prone to coronary artery disease and dangerous weight loss and hence have legitimate concern for their diets); *Byrd v. Wilson*, 701 F.2d 592, 595 (6th Cir. 1983) (claim stated for refusal to provide prescribed diet); *Giebel v. Kropp*, No. 10-cv-645-slc, 2011 U.S. Dist.

5

LEXIS 5588, at *5 (W.D. Wisc. Jan. 20, 2011) (citing *Sellers v. Henman*, 41 F.3d 1100, 1102-03 (7th Cir. 1994), for the proposition that defendants could be held liable if they deliberately withheld dietary accommodations that they knew inmate needed to avoid a diabetic crisis); *Keller v. Williams*, No. 09-60272-CIV-COHN, 2009 U.S. Dist. LEXIS 112221 (S.D. Fla. May 29, 2009) (plaintiff's allegations that defendants refused to honor special diet pass for nightly diabetic snack sufficient to meet the *Twombly* or any "heightened pleading" standard); *Dye v. Sheahan*, No. 93 C 6645, 1995 U.S. Dist. LEXIS 3027 (N.D. Ill Mar. 10, 1995) (denying motion to dismiss where diabetic plaintiff alleged prison diet caused damage to his eyes, kidneys, liver and cardiovascular system, and pushed his blood sugar level above 200 points); *Bryant v. Roth*, No. 93 C 5552, 1995 U.S. Dist. LEXIS 1979 (N.D. Ill. Feb. 17, 1995*)* (denying motion to dismiss where diabetic prisoner alleged blood sugar level of sixty-two and claimed diet caused headaches, convulsions, pain, and risk of coma); *Taylor v. Anderson,* 868 F.Supp. 1024, 1026 (N.D.Ill. 1994) (diabetic inmate's allegations that prison failed to provide him with required diet withstood motion to dismiss even though plaintiff did not allege that his diabetes was severe); *Johnson v. Harris*, 479 F. Supp. 333 (S.D.N.Y. 1979) (denying a diabetic prisoner a special diet may violate the Eighth Amendment because certain foods are extremely dangerous to diabetics' health).

Upon consideration, the Court will Plaintiff's Eighth Amendment claims to go forward against Defendants Aramark and Elzy and will direct service upon them. The Court will also allow Plaintiff's claim against the unknown dieticians to go forward at this time. "Although designation of [an unknown] defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify [the] defendant through discovery." *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985).

Thus, Plaintiff might wish to serve interrogatories and requests for production of documents upon Aramark to learn the identities of the unknown dietitican(s).

      The Court cautions Plaintiff that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P 4(m).

## V. CONCLUSION

      Based upon the above, the Court will allow Plaintiff's claim for deliberate indifference to a serious medical need to proceed against Defendant Aramark; and against Defendant Aramark employee Stephanie Elzy, and the one or more unknown Defendants who are employed as dieticians by Aramark, in their individual and official capacities.

      The Court will enter a separate Scheduling Order to govern these claims.

**IT IS HEREBY ORDERED** that Plaintiff shall have **90 days from the date of this Order in which to conduct limited discovery for the purpose of identifying the unknown Aramark dietician Defendant(s) and to amend his complaint to name these Defendant(s) and request the Court to effect service upon them or show good cause for his failure to do so**.  Plaintiff is **WARNED** that his failure to comply with this Order could result in the dismissal of this action as to the unknown dietician Defendants.

Date: July 8, 2016

                                               Joseph H. McKinley, Jr., Chief Judge
                                                    United States District Court

cc: Plaintiff, *pro se*
    Defendants Aramark and Elzy
4414.011