UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ANTHONY W. SIMMONS**                                                                      **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:16-CV-P120-JHM**

**ARAMARK** *et al.*                                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Aramark Correctional Services, LLC (Aramark), and Aramark employee Stephanie Elzy (Elzy) (DN 15) and a related motion by Defendants for an extension of time to file an answer or otherwise respond to the complaint (DN 14). Fully briefed, the motion to dismiss is ripe for decision. For the following reasons, Defendants' motion to dismiss will be denied, and Defendants' motion for an extension of time to file an answer will be granted.

**I. BACKGROUND**

On February 24, 2016, Plaintiff filed this action against Defendant Aramark, "the food service" provider at Luther Luckett Correctional Complex (LLCC) where Plaintiff is incarcerated. In his complaint, Plaintiff alleged that his rights were being violated by Aramark because, as a diabetic, he was knowingly being served a diet both detrimental to his health and contrary to his doctor's orders. On initial review of Plaintiff's complaint, the Court dismissed his claim against Aramark because he had failed to allege that Aramark's staff was acting pursuant to a custom or policy in causing any harm or to identify any individual who was deliberately indifferent to his serious medical need (DN 6). The Court, however, allowed Plaintiff an opportunity to amend his complaint.

On June 27, 2016, Plaintiff filed an amended complaint (DN 7). In his amended complaint, he alleges that Aramark has a custom or policy of "saving money on prisoner meals by serving rice, white bread, and potatoes" to diabetics and offering them "no alternate meal." Plaintiff also alleges that Aramark has a custom or policy of failing to inform diabetic inmates "how many carbs the food contains that we eat." Plaintiff further states that he sent a letter to Aramark employee Defendant Elzy, Aramark's food service director at LLCC, in which he requested a "diabetic meal," but that his letter "went unanswered and no changes were made." Finally, Plaintiff contends that Defendants' actions resulted in his "sugar running 300 or more almost every day causing damage to my eyes and organs as well as pain in my feet and legs from nerve damage and 2 extra injections I have to take every day causes me undue pain and suffering." In Plaintiff's original complaint, he also alleged that his healthcare provider had told him that his eyesight had deteriorated dramatically due to his high sugar levels and that Aramark was feeding him the exact opposite of what he was supposed to be eating. Plaintiff further alleged that his healthcare provider told him that the food Aramark was feeding him was counteracting the insulin he was receiving so even more insulin had to be prescribed.

On July 11, 2016, the Court conducted an initial review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and allowed his Eighth Amendment claim for deliberate indifference to a serious medical need to proceed against Defendants Aramark, Elzy, and one or more unknown Defendants employed as dieticians by Aramark (DN 8).

## II. SUMMARY OF MOTION TO DISMISS

In the motion now before the Court, Defendants argue that this action should be dismissed for failure to state a claim because neither Defendant Aramark nor Elzy had any control or decision-making authority over whether Plaintiff received an "alternative meal" based

upon his alleged medical condition. They also argue that neither Defendant Aramark nor Elzy can be held liable because neither Defendant acted or failed to act pursuant to a policy or custom attributable to them. In their motion and reply, Defendants rely heavily on the affidavit of Defendant Elzy. Defendants also cite other cases where courts have dismissed claims against Defendant Aramark pursuant to 28 U.S.C. § 1915A or Fed. R. Civ. P. 12(b)(6).

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc.* v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

3

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Review of Matters Outside the Pleadings

As noted above, in both their motion to dismiss and their reply memorandum, Defendants rely heavily on an affidavit signed by Defendant Elzy. In this affidavit, Defendant Elzy states that Defendant Aramark "does not have any policies or customs regulating the special diet meal program or the prisoners selected or denied to be placed on a medical diet or receive alternative meals." (Elzy Aff., DN 15-1, ¶ 5). Defendant Elzy also avers that she did not "receive a letter from [Plaintiff] requesting a diabetic meal." (*Id.*, ¶ 6.)

Ordinarily "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)), and a court considering such matters typically will convert a Rule 12 motion to a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d). It is solely within the Court's discretion, however, to either consider these matters and convert the motion to one for summary judgment or to exclude the extra-pleading materials and apply the standard set forth in Rule 12. *See Shelby Cty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000); *Batt v. United States*, 976 F. Supp. 1095, 1096-97 (N.D. Ohio 1997) ("The decision to exclude material outside the pleadings is entirely within the discretion of the trial court.").

Where, as here, discovery is not complete, it is generally deemed imprudent "to consider extra-pleading material and decide [the] motion for summary judgment." *Kelley ex rel. Mich. Natural Res. Comm'n v. Arco Indus. Corp.*, 721 F. Supp. 873, 877-78 (W.D. Mich. 1989).

"Considering the motion as a motion for summary judgment [is] improper in [these] situations because the parties may not be able to present enough material to support or oppose a motion for summary judgment since no factual record has yet been developed." *Black v. N. Hills Sch. Dist.*, Civil Action No. 06-807, 2007 U.S. Dist. LEXIS 68595, at *1 (W.D. Pa. Sept. 17, 2007).

Here, the Court finds that treating Defendants' motion to dismiss as one for summary judgment would be premature. *See, e.g., Marsilio v. Vigluicci*, 924 F. Supp. 2d 837, 847 (N.D. Ohio 2013) (refusing to convert a Rule 12 motion to one under Rule 56, and noting that "[l]ittle or no discovery had taken place to allow the parties to argue . . . whether a genuine issue of material fact exists"). Thus, the Court will exercise its discretion to exclude the extra-pleading material presented by Defendants and confine its analysis to the pleadings. *See also Issuer Advisory Group LLC v. Tech. Consumer Prods.*, No. 5:14CV1705, 2015 U.S. Dist. LEXIS 12719 (N.D. Ohio Feb. 3, 2015).

## IV. ANALYSIS

In support of their motion to dismiss, Defendants cite to four cases where an action against Defendant Aramark was dismissed pursuant to 28 U.S.C. § 1915A or Fed. R. Civ. P. 12(b)(6). However, the facts alleged by Plaintiff make this case easily distinguishable from those cited.

For example, Defendants first cite to *Sherman v. Byrd*, No. 3:15-43-GFVT, 2015 U.S. Dist. LEXIS 145179 (E.D. Ky. 2015). In this case, the inmate plaintiff alleged that her boss, an Aramark employee, had repeatedly stated that he would kill her. The district court dismissed the case because the plaintiff had not alleged that any Aramark policy or custom had prompted its employee's threats. *Id*. at *5. Similarly, in *Johnson v. Aramark*, the plaintiff sued Aramark after he suffered work-related injuries in the prison dining hall and an employee of Aramark witnessed

5

the incident. No. 3:11CV-P517, 2012 U.S. Dist. LEXIS 8457 (W.D. Ky. 2012), *aff'd*, No. 12-5279, 2012 U.S. Dist. LEXIS 22904 (6th Cir. 2012). In that case, the court dismissed the action because "[n]othing in the complaint demonstrates the action or inaction of any Aramark personnel occurred as a result of a policy or custom implemented or endorsed by Aramark." *Id.* at *5. In *DeJesus v. Aramark Food Serv.*, the prisoner plaintiff alleged that Aramark continued to serve him meals containing citric acid even after he complained that he had an allergy to such. No. 13-5734, 2014 U.S. Dist. LEXIS 4952 (E.D. Pa. 2014). In that case, the court granted Aramark's motion to dismiss because the plaintiff had failed "to state facts demonstrating the existence of a custom or policy on the part of Aramark that was the moving force behind the alleged constitutional violation." *Id.* at *9. Finally, Defendants cite to *Mora v. Camden Cty.*, No. 09-4183, 2010 U.S Dist. LEXIS 61800 (D.N.J. June 21, 2010). In *Mora*, several inmates sued Aramark and its employees for failing to provide them with a nutritionally adequate diet with respect to calories and protein. The court dismissed the action with regard to Aramark because the inmates "did not assert facts showing the allegedly deficient diet resulted from the execution of a custom or policy of . . . Aramark."

Unlike in each of these cases, however, here, Plaintiff has specifically alleged that his harm occurred as the result of an Aramark policy or custom.

## V. CONCLUSION

For the foregoing reasons, the Court declines to convert Defendants' motion to dismiss to one for summary judgment and, finding that Plaintiff has stated a plausible claim for relief on the face of his complaint, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (DN 15) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for extension of time to file an answer or otherwise respond to Plaintiff's complaint (DN 14) is **GRANTED** and that Defendants shall file an answer to Plaintiff's complaint on or before **November 28, 2016**.

Date: November 14, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of Record
4414.011